UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QABAIL HIZBULLAHANKHAMON,

                              Petitioner,

           -against-

CHRISTOPHER YEHL, Superintendent of Wende Correctional Facility,

                              Respondent.

---

99-CV-05016 (MMG)

**TRANSFER ORDER**

MARGARET M. GARNETT, United States District Judge:

      Petitioner, currently incarcerated at Wende Correctional Facility, *see* Dkt. No. 21, originally filed a *habeas* petition under 28 U.S.C. § 2254 in this case on July 12, 1999, challenging his conviction dated August 8, 1989. *See* Dkt. No. 2. Respondent moved to dismiss the petition, and on July 31, 2000, the district court granted Respondent's motion. *See* Dkt. No. 16; *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339 (S.D.N.Y. 2000). Petitioner appealed, and the Second Circuit affirmed the district court's order. *See* Dkt. No. 20; *Hizbullahankhamon v. Walker*, 255 F.3d 65 (2d Cir. 2001), *cert. denied* 536 U.S. 925 (2002).

      Petitioner subsequently brought another action at a different civil docket number on September 15, 2022. *See Hizbullahankhamon v. Yehl*, No. 22-cv-07991 (LTS), Dkt. No. 1. Petitioner brought the action as a "Motion in the S.D.N.Y. In accordance with F.R.C.P. Rule 60 Motion Practice under title 28 U.S.C. § 2254 FOR Writ of Habeas Corpus by a Person in State Custody." *Id.* The district court found that although the action was styled as a Rule 60(b) motion, Petitioner was challenging his underlying conviction rather than attacking the integrity of the previous *habeas* proceeding. *Id.*, Dkt. No. 4 at 1–2. As such, the court denied Petitioner's request for relief under Rule 60(b), characterized Petitioner's application as a second or successive *habeas* petition, and transferred the application to the Second Circuit. *Id.* at 2–3. The Second Circuit denied Petitioner leave to file a successive petition under 28 U.S.C. § 2254. *Id.*, Dkt. No. 6.

      On December 7, 2022, in this case, Petitioner filed a motion styled as a motion under Rule 60(b) and Rule 60(d). *See* Dkt. Nos. 21, 22. This case was reassigned to the undersigned on October 4, 2024.

      Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Here, Petitioner does not attack the integrity of the habeas proceeding; rather, he challenges the underlying conviction. Because this challenge is not an attack on the previous *habeas* proceeding, Petitioner's request for relief under Rule 60(b) is DENIED.

Petitioner seeks to challenge his state court conviction, so the proper jurisdictional basis for the instant application is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Because Petitioner has already previously challenged this conviction by filing a petition under Section 2254, the Court is not required to provide Petitioner an opportunity to withdraw this application before it is recharacterized as a petition under Section 2254. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

An application is second or successive if a prior petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Because Petitioner's previous application for relief under Section 2254, challenging the same conviction, was adjudicated on the merits, this application is a second or successive petition. Before a second or successive *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner, therefore, must move in the Second Circuit for permission to pursue this application.[1]

## CONCLUSION

In the interest of justice, the Court transfers this application, construed as a petition under Section 2254, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*). This case remains closed. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to terminate Dkt. No. 21. The Clerk of Court is further directed to mail a copy of this Order to Petitioner and to Respondent at the addresses specified on the subsequent page, and to note service on the docket.

Dated: October 11, 2024
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B)(i)–(ii).

**Petitioner:**

Qabail Hizbullahankhamon
I.D. # 89B2119
Wende Correctional Facility
3040 Wende Road, P.O. Box 1187
Alden, New York 14004-1187

**Respondent**:

Christopher Yehl
Wende Correctional Facility
3040 Wende Road
Alden, New York 14004-1187